The Honorable Carlos Mayans State Representative, 100th District 1842 North Valleyview Wichita, Kansas 67212
Dear Representative Mayans:
As Representative for the 100th District you inquire whether federally qualified health clinics must comply with K.S.A. 1996 Supp. 65-1466 in determining patient eligibility or whether the clinics may use the Health and Human Services (HHS) public service regulations that dictate that "no person can be denied services by reason of inability to pay." Second, you inquire whether the dentists and dental hygienists working for federally qualified health clinics can serve anyone regardless of income?
At issue in your first question is who is eligible for services as a dentally indigent person. K.S.A. 1996 Supp. 65-1466 amends the dental practice act, K.S.A. 65-1401et seq., to allow a limited corporate practice which would otherwise subject a dentist's license to suspension or revocation. K.S.A. 1996 Supp. 65-1424; 65-1436, as amended by L. 1997, Ch. 81, § 2. K.S.A. The statute authorizes a licensee to provide dental services to the dentally indigent as an employee of certain qualified entities. K.S.A. 1996 Supp. 65-1466
states as follows:
 "Notwithstanding any other provision of the dental practices act, a not-for-profit corporation having the status of an organization under 26 United States Code Annotated 501(c) (3) which is also a facility qualified under subsection (b) of K.S.A. 65-431 and amendments thereto to select and employ professional personnel, an indigent health care clinic as defined by the rules and regulations of the secretary of health and environment, a federally qualified health center, or a local health department may employ or otherwise contract with a person licensed under the dental practices act to provide dental services to dentally indigent persons."
Subsection (b) of the statute defines the term "dentally indigent persons" and provides for the use of an alternative definition, provided the alternative definition is more restrictive.
 "Dentally indigent persons are those persons who are (1) Determined to be a member of a family unit earning at or below 200% of poverty income guidelines based on the annual update of `poverty income guidelines' published by the United States department of health and human services and are not indemnified against costs arising from medical and hospital care or dental care by a policy of accident and sickness insurance or an employee health benefits plan or (2) eligible for medicaid; or (3) qualified for Indian health services. This subsection shall not be construed to prohibit an entity under subsection (a) which enters into an arrangement with a licensee under the dental practices act for purposes of providing services to dentally indigent persons pursuant to subsection (a) from defining `dentally indigent persons' more restrictively than such term is defined under this subsection. (Emphasis added).
You indicate that the public health service, HHS regulations dictate that "no person can be denied services by reason of inability to pay,"42 C.F.R. § 51c.303(u) and question whether the clinics can use this standard to define dentally indigent. Before addressing your specific question, we note that licensees may only engage in the corporate practice of dentistry as authorized by state statute. The federal regulation in question does not regulate the practice of dentistry; it establishes requirements for the receipt of federal funding. If the federal regulation establishing requirements for receipt of federal funding by such corporations is in conflict with the state restrictions on corporate practice of dentistry, the corporations could choose to apply the federal definition in order to be eligible for funding but in doing so would lose their ability to contract with or employ licensees subject to the corporate practice restrictions. However, if the federal regulation is consistent with state law, licensees may be employed and federal funding received. In our opinion, while the federal standard is different than the one established by the statute (200% of poverty guidelines, etc.), it is consistent with the statutory requirements. The federal regulation cited applies to grants for operating community health centers serving medically underserved populations and must be read in context. The following regulation helps to explain both standards.
"A community center supported under this subpart must:
 "(f) Have prepared a schedule of fees or payments for the provision of its services designed to cover its reasonable costs of operation and a corresponding schedule of discounts adjusted on the basis of the patients ability to pay. Provided, That such schedule of discounts shall provide for a full discount to individuals or families with incomes at or below the most recent C.S.A. Poverty Income Guidelines ( 45 C.F.R. § 1060.2) and for no discount to individuals and families with annual incomes greater than twice those set forth in such Guidelines, except that nominal fees may be collected from individuals with annual incomes at or below such levels where imposition of such fees is consistent with project goals." 42 C.F.R. § 51c.303(f).
A person in the category of having an "inability to pay" refers to persons described as at or below the poverty income guidelines. Such a person may qualify under either the 200% of the poverty income guideline standard provided in the statute or may qualify as within a lower income bracket of at the poverty income guideline provided in the regulation which is more restrictive. Thus it is our opinion that a federally qualified health clinic complies with K.S.A. 1996 Supp.65-1466 when it defines a dentally indigent person by either the statutory standard or the more restrictive standard set by the federal regulation.
Your second question is whether a federally qualified health clinic may employ a dentist or dental hygienist to serve anyone, regardless of income. The statute authorizes these professionals to contract for employment or otherwise contract to provide dental services to dentally indigent persons as defined by the statute, K.S.A. 1996 Supp. 65-1466. The statute does not set any guideline about who a federally qualified health clinic may serve. As indicated in the regulation quoted for purposes of your first question, the federal funds are to be used to provide a discount (or a service free of charge) to those within poverty income levels. Thus neither the state statute nor the federal regulation prevent the clinic from serving the general public.
The statute in question does, however, prevent licensees under the Kansas dental practice act from providing dental services under the limited form of corporate practice (i.e. as an employee of any of the qualified entities) to anyone but those that qualify as dentally indigent. Given that a federally qualified clinic is under obligation as a recipient of federal funding to provide dental services only to those who qualify by income, we find no conflict between the mandate of the federal regulation and the state statute. See generally: 42 U.S.C. § 254b (1997 Supp.).
Thus, while there is some leeway about how a "dentally indigent person" may be defined, as indicated in our answer to your first question, the statute is very specific about who licensees under the dental practice act may serve. See, Minutes, Senate Committee on Public Health and Welfare, February 26, 1996, (act intended to serve the underserved population who is at the poverty level and not intended to allow the corporate practice of dentistry.) We note that a health clinic may, without regard to the statute in question, employ dentists or dental hygienist who are not licensees under the dental practice act to serve the general public.See: (K.S.A. 1996 Supp. 65-1423, as amended by L. 1997, Ch. 30, § 1 (the act does not apply to certain practices, such as those of a dental surgeon in the United States Army, Air Force, Marines, public health service, Coast Guard or veterans bureau.) See also: K.S.A. 1996 Supp. 75-6120 (charitable health care providers). In conclusion, it is our opinion that a federally qualified health clinic may employ licensees under the Kansas dental practice act to serve only the dentally indigent pursuant to K.S.A. 1996 Supp. 65-1466.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm